LeBoeuf, Lamb, Greene & MacRae, LLP
Counsel to John S. Pereira, Esq., the Chapter 7 Trustee
125 West 55th Street
New York, New York 10019-5389
(212) 424-8000
John S. Kinzey (JK-4951)
Mark R. Bernstein (MB-9102)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                    :
In re:                              :    Chapter 7
                                    :
MARC S. GARDNER,                    :    Case No. 02-43420 (ALG)
                                    :
            Debtor.                 :
                                    :
                                    :
                                    :
------------------------------------x
                                    :
JOHN S. PEREIRA, as Chapter 7 Trustee of the : Adv. Pro. No.
Estate of MARC S. GARDNER,          :
                                    :
            Plaintiff,              :
                                    :
      vs.                           :    **COMPLAINT**
                                    :
MARC S. GARDNER, RICHARD B. WOLF and :
EDITH WOLF,                         :
                                    :
            Defendants.             :
                                    :
                                    :
------------------------------------x

Plaintiff, John S. Pereira, as chapter 7 trustee (the "Trustee" or "Plaintiff") of the estate of Marc S. Gardner (the "Debtor"), by and through his counsel, LeBoeuf, Lamb, Greene & MacRae, L.L.P., as and for his Complaint against the above-captioned defendants, respectfully alleges and represents as follows:

## NATURE OF ACTION

1.  This is an adversary proceeding commenced pursuant to section 544 of title 11 of the United States Code, (the "Bankruptcy Code"), New York Debtor and Creditor Law Sections 270 et seq. and Federal Rules of Bankruptcy Procedure 7001(1) and 7003 to avoid transfers of property of the estate and to recover such transfers for the benefit of the estate.

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court is founded upon sections 1334(b), 157(a) and 157(b) of title 28 of the United States Code because this adversary proceeding arises in or arises under the chapter 7 case of the Debtor now pending in the United States Bankruptcy Court for the Southern District of New York.

3.  This adversary proceeding is a core proceeding pursuant to sections 157(b)(2)(A), (E) and (H) of title 28 of the United States Code.

4.  Venue of this proceeding in this Court is proper pursuant to section 1409(a) of title 28 of the United States Code because this action is one arising in or arising under a case under title 11 of the United States Code.

## PARTIES

5.  On November 14, 2002 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of New York (the "Court"). On or about March 14, 2003, the Court entered an order converting this case from a case under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code.

6.  By Notice of Appointment dated March 14, 2003, Plaintiff was appointed the Trustee of the Debtor's chapter 7 estate.

7. Upon information and belief, the Debtor is a natural person residing at 630 First Avenue, Apt 22B, New York, New York.

8. Upon information and belief, the defendant Richard B. Wolf ("Mr. Wolf", together with the Debtor, the "Defendants") is a natural person residing at 625 Baltimore Way, Coral Gables, Florida 33134.

9. Upon information and belief, the defendant Edith. Wolf (together with Mr. Wolf, the "Wolfs", and the Wolfs collectively with the Debtor, the "Defendants") is a natural person residing at 625 Baltimore Way, Coral Gables, Florida 33134.

**FACTS**

10. On or about October 12, 2001, a jury verdict in an action commenced in the United States District Court, S.D.N.Y. under Docket No. 99 Civ. 10286 (NRB) (the "Federal Fraud Action") was rendered against the Debtor, one of the counter-claim defendants, for punitive damages in the principal sum of $500,000. Entry of judgment against the Debtor in the Federal Fraud Action was pending at the time of the Conveyance (as defined below).

11. The Debtor previously owned and resided at 630 First Avenue, Units 31C and 31D, New York, New York (the "Prior Premises"). On or about October 25, 2001, the Debtor mortgaged the Prior Premises to the Wolfs for the sum of $225,000 (the "Conveyance").

12. Just over one year later, on November 14, 2002, the Debtor filed this bankruptcy case.

13. Upon information and belief, the Debtor made the Conveyance with actual intent to hinder, delay and defraud either present or future creditors.

14. Upon information and belief, the Debtor received no consideration in exchange for the Conveyance and/or the Conveyance was made without fair consideration.

-3-

15. Upon information and belief, the Wolfs are either the initial transferees of the Conveyance, the immediate transferees of the Conveyance, or the mediate transferees of the Conveyance.

16. At all times relevant, there existed unsecured creditors of the Debtor who remained unsecured creditors as of the Petition Date.

## FIRST CLAIM FOR RELIEF

**(Fraudulent Conveyance Under Bankruptcy Code Sections 544 and 550(a) and New York State Debtor and Creditor Law Section 273)**

17. The Trustee repeats and realleges each and every allegation contained in paragraphs "1" through "16" as though set forth fully herein.

18. The Debtor was insolvent at the time of the Conveyance or was rendered insolvent thereby.

19. Accordingly, the Conveyance, and the acts of the Defendants in connection with the Conveyance are wrongful as to present and/or future creditors of the Debtor pursuant to Bankruptcy Code Sections 544 and 550 (a) and New York State Debtor and Creditor Law, Sections 270 et seq., including, without limitation, New York State Debtor and Creditor Law, Section 273.

## SECOND CLAIM FOR RELIEF

**(Fraudulent Conveyance Under Bankruptcy Code Sections 544 and 550(a) and New York State Debtor and Creditor Law Section 273-a)**

20. The Trustee repeats and realleges paragraphs "1" through "16" as though set forth fully herein.

21. At the time of the Conveyance, the Debtor was a defendant in the Federal Fraud Action and a jury verdict had been rendered against the Debtor in the Federal Fraud Action, which judgment, upon information and belief, the Debtor has failed to satisfy.

22. Accordingly, the Conveyance, and the acts of the Defendants in connection with the Conveyance are wrongful as to present and/or future creditors of the Debtor pursuant to Bankruptcy Code Sections 544 and 550 (a) and New York State Debtor and Creditor Law, Sections 270 et seq., including, without limitation, New York State Debtor and Creditor Law, Section 273-a.

### THIRD CLAIM FOR RELIEF

**(Fraudulent Conveyance Under Bankruptcy Code Sections 544 and 550(a)
and New York State Debtor and Creditor Law Section 274)**

23. The Trustee repeats and realleges paragraphs "1" through "16" as though set forth fully herein.

24. At the time of the Conveyance, the Debtor was engaged in or was about to engage in business or a transaction for which the property remaining in the Debtor's hands after the Conveyance was unreasonably small capital.

25. Accordingly, the Conveyance, and the acts of the Defendants in connection with the Conveyance are wrongful as to present and/or future creditors of the Debtor pursuant to Bankruptcy Code Sections 544 and 550 (a) and New York State Debtor and Creditor Law, Sections 270 et seq., including, without limitation, New York State Debtor and Creditor Law, Section 274.

## FOURTH CLAIM FOR RELIEF

**(Fraudulent Conveyance Under Bankruptcy Code Sections 544 and 550(a) and New York State Debtor and Creditor Law Section 275)**

26. The Trustee repeats and realleges paragraphs "1" through "16" as though set forth fully herein.

27. At the time of the Conveyance, the Debtor intended or believed that he would incur debts beyond its ability to pay as they matured.

28. Accordingly, the Conveyance, and the acts of the Defendants in connection with the Conveyance are wrongful as to present and/or future creditors of the Debtor pursuant to Bankruptcy Code Sections 544 and 550 (a) and New York State Debtor and Creditor Law, Sections 270 et seq., including, without limitation, New York State Debtor and Creditor Law, Section 275.

## FIFTH CLAIM FOR RELIEF

**(Fraudulent Conveyance Under Bankruptcy Code Sections 544 and 550(a) and New York State Debtor and Creditor Law Section 276)**

29. The Trustee repeats and realleges paragraphs "1" through "16" as though set forth fully herein.

30. Upon information and belief, the Conveyance was made with the actual intent to hinder, delay or defraud either the present and/or future creditors of the Debtor.

31. Accordingly, the Conveyance, and the acts of the Defendants in connection with the Conveyance are wrongful as to present and/or future creditors of the Debtor pursuant to Bankruptcy Code Sections 544 and 550(a), and New York State Debtor and Creditor Law, Sections 270 et seq., including, without limitation, New York State Debtor and Creditor Law, Section 276.

### SIXTH CLAIM FOR RELIEF

**(For Compensatory and Punitive Damages)**

32. The Trustee repeats and realleges paragraphs "1" through "16" as though set forth fully herein.

33. By reason of the foregoing, Plaintiff is entitled to compensatory and punitive damages against the Defendants, in an amount to be determined at a trial of this Action.

### SEVENTH CLAIM FOR RELIEF

**(For Attorney's Fees Under New York State Debtor and Creditor Law Section 276-a)**

39. The Trustee repeats and realleges paragraphs "1" through "16" as though set forth fully herein.

40. By reason of the foregoing, Plaintiff is entitled to reasonable attorneys' fees in this action against the Defendants as provided for in New York State Debtor and Creditor Law Section 276-a.

### EIGHTH CLAIM FOR RELIEF

**(Preservation of Transfer for the Benefit of the Estate Under Bankruptcy Code Section 551)**

41. The Trustee repeats and realleges 1 through 16 as though set forth fully herein.

42. By reason of the foregoing, the Conveyance is a voidable lien which the Trustee is entitled to preserve for the benefit of the estate.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

(i) on the First, Second, Third, Fourth and Fifth Claims For Relief, pursuant to Bankruptcy Code Sections 544, 550 and 551 and New York Debtor and Creditor Law Sections 270 et seq., avoiding and setting aside the Conveyance;

(ii) on the Sixth Claim For Relief, granting compensatory and punitive damages against the Defendants in an amount to be determined at a trial of this action;

(iii) on the Seventh Claim For Relief, awarding reasonably attorneys' fees incurred by the Trustee in connection with this proceeding;

(iv) on the Eighth Claim for relief, preserving the lien created by the Conveyance for the benefit of the estate; and

(v) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 12, 2004

**LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.**

By: /s/ John S. Kinzey
    John S. Kinzey (JK-4951)
    Mark R. Bernstein (MB-9102)
125 West 55th Street
New York, NY  10019-5389
(212) 424-8000

Counsel to Plaintiff John S. Pereira, as Trustee of the estate of Marc S. Gardner